**MARTIN L. SISSELMAN**
SISSELMAN & SCHWARTZ, LLP
75 Livingston Avenue
Roseland, New Jersey 07068
(973) 533-0770
Attorneys for Defendant Sears Holdings
Management Corp.

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TESSLER & WEISS/PREMESCO, INC., | ) ) ) | |
| Plaintiff, | ) | No. 09-1243 (DRD) |
| v. | ) ) | Hon. Dickinson R. Debevoise |
| SEARS HOLDINGS MANAGEMENT CORP., d/b/a KMART, | ) ) ) | Motion Returnable: August 17, 2009 |
| Defendant. | ) ) | |

### DEFENDANT'S MOTION TO DISMISS
### OR, ALTERNATIVELY, TO TRANSFER VENUE

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1404(a), Defendant Sears Holdings Management Corporation respectfully moves this Court for an order dismissing this action or, alternatively, transferring it to the United States District Court for the Eastern District of Michigan pursuant to a mandatory forum selection clause between Plaintiff and Kmart Corporation.[1]

---

[1] The Complaint names "Sears Holdings Management Corporation, d/b/a Kmart" as the defendant and alleges that "Sears Holdings Management Corporation is the successor in interest to Kmart." (*See* Compl., at ¶ 7.) The Complaint attaches

48959

As more fully explained in Defendant's supporting memorandum of law, dismissal or transfer is required based on the express provisions of the parties' Purchase Order Terms and Conditions ("POTC").  (A copy of the POTC is attached as Exhibit 1 to the Declaration of Amy Gorman, which in turn is attached as Exhibit A to Defendant's supporting memorandum.)  Paragraph 8 of the POTC contains a mandatory forum selection and choice-of-law provision requiring that any litigation relating to the business relationship between the parties be brought exclusively in the State of Michigan courts of Oakland County, Michigan, or the United States District Court located in Detroit, Michigan.  Specifically, the forum selection clause, entitled "**MICHIGAN CONTRACT AND JURISDICTION**," states in its entirety as follows:

> EACH ORDER, AND ALL OTHER ASPECTS OF THE BUSINESS RELATIONSHIP BETWEEN BUYER AND VENDOR, MUST BE CONSTRUED AND ENFORCED IN ACCORDANCE WITH THE INTERNAL LAWS OF THE STATE OF MICHIGAN.  VENDOR AGREES, WITH RESPECT TO ANY LITIGATION WHICH RELATES TO ANY ORDER OR WHICH OTHERWISE ARISES DIRECTLY OR INDIRECTLY OUT OF OR IN CONNECTION WITH SAID BUSINESS RELATIONSHIP OR ANY TRANSACTION OF ANY NATURE BETWEEN BUYER AND VENDOR, TO COMMENCE SAME:  (I) **EXCLUSIVELY IN (AND VENDOR HEREBY CONSENTS TO THE JURISDICTION OF) THE STATE OF MICHIGAN COURTS OF OAKLAND COUNTY, MICHIGAN OR THE UNITED**

---

certain agreements with Kmart, including Exhibit G, the parties' June 12, 2007 Master Consignment Agreement.  That Agreement was executed on behalf of Kmart Corporation, a Michigan corporation, by its agent and affiliate, Sears Holdings Management Corporation.

**STATES DISTRICT COURT IN DETROIT, MICHIGAN** AND (II) WITHIN 18 MONTHS FROM THE DATE OF BUYER'S LAST ORDER TO VENDOR OR THE PERIOD PRESCRIBED BY THE APPLICABLE STATUTE OF LIMITATIONS, WHICHEVER IS SOONER.  (Emphasis added.)

Federal courts routinely enforce such forum selection clauses and, under Federal Rule 12(b)(6), the Court should dismiss this action.  Alternatively, under 28 U.S.C. § 1404(a), the Court should transfer this action to the U.S. District Court for the Eastern District of Michigan.

WHEREFORE, for the reasons set forth herein and in its accompanying memorandum, Defendant requests that the Court enter an order dismissing this action or, alternatively, transferring it to the United States District Court for the Eastern District of Michigan.

Respectfully submitted,

SEARS HOLDINGS MANAGEMENT CORPORATION


By:    s/ Martin L. Sisselman_____
            One of Its Attorneys

Martin L. Sisselman
Sisselman & Schwartz, LLP
75 Livingston Ave.
Roseland, NJ  07068
Telephone: (973) 533-0770
Facsimile: (973) 533-0780

3